ALFANO v. McMANUS (two cases).

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

LANDLORD AND TENANT ⊜⟶164—INJURY TO TENANT—LIABILITY TO SUBTENANT.

Defendant, leasing premises by a lease requiring the lessee to take good care of them and make all repairs, inside and out, at his own cost, and who did not retain possession or control of any part of the premises, or assume to make repairs, was not liable for injury to a subtenant by the fall of a ceiling, which the lessee had promised to repair.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. ⊜⟶164.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Alfonza Alfano and by Pasquale Alfano against Ellen C. McManus. Judgments for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Nadal, Jones & Mowton, of New York City (Jay L. Hayner, of New York City, of counsel), for appellant.

Marshall Snyder, of New York City, for respondents.

GUY, J. The defendant appeals from two judgments, one obtained by Alfonza Alfano, for personal injuries received by the falling of a ceiling in an apartment of a tenement house occupied by herself and husband, and one by Pasquale Alfano, the husband, for loss of his wife's services.

The testimony shows that in March, 1914, the wife of the plaintiff, Pasquale Alfano, resided with her husband in the apartment at premises No. 43 First avenue, Manhattan; that she had observed water leaking through the ceiling for 15 days during the early part of March; that she and her husband spoke to one Messineo, to whom they paid the rent, and of whom they evidently rented the apartment; and that Messineo promised to fix it "next week." Pasquale

testified that, after the water had been running some time, Messineo, a plumber, and Pasquale, went to the roof; that they there saw a "big tank and a hole, and that the water was running down"; that the tank was not fixed that day, but about two days later the water stopped running; that the ceiling in his apartment was "a little distorted"; and he testified that he showed it to Messineo, who came to collect the rent, and that he said he would "fix it in the month of April," and asked Pasquale to stay in the apartment. This place in the ceiling subsequently fell, causing the injuries to Pasquale's wife for which this action was brought.

The defendant swore no witnesses, but offered in evidence a lease, which leased the premises from the defendant to Maria La Cagnina and Vincenzo Messineo. This lease ran from December 1, 1911, until the 1st day of December, 1914, and obligated the lessees to "take good care of the premises and make all repairs, inside and outside, at their own proper costs and expense." It will be seen that this lease covered the term when the ceiling fell. There is not the slightest testimony in the case that the defendant had retained possession or control of any portion of the demised premises, nor was it shown that she had assumed in any manner to make repairs. It follows that the judgment must be reversed.

Judgment reversed, with costs, and new trial ordered, with costs to appellant as of one appeal to abide the event. All concur.